UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**SHELDON MARCUS PORTER, #1306552**

       Petitioner,

v.                                                           Civil No. 2:24cv436

**CHADWICK DOTSON,**
Director of the Virginia
Department of Corrections,

       Respondent.

## FINAL ORDER

This matter is before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, submitted <u>pro se</u> by Sheldon Marcus Porter ("Petitioner").[1] ECF No. 1. Petitioner's § 2254 motion alleges violations of his federal rights pertaining to his convictions and sentence in the Portsmouth Circuit Court for two counts of second-degree murder as well as four associated firearm counts. As a result of these convictions, Petitioner reports that he is serving a 93-year prison sentence. <u>Id.</u> at 1. Respondent filed a motion to dismiss arguing that Petitioner's § 2254 motion was filed long after the statutory deadline for seeking federal habeas relief. ECF Nos. 10, 14.

Petitioner's § 2254 motion was referred to a United States Magistrate Judge for a Report and Recommendation ("R&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72

---

[1] Petitioner's § 2254 motion was originally filed in the Western District of Virginia and was transferred to this Court on July 11, 2024. ECF No. 2.

of the Local Civil Rules of this Court. The Magistrate Judge's R&R was filed on June 18, 2025, and it recommends granting Respondent's motion to dismiss because Petitioner's claims are time-barred and no plausible claim of equitable tolling or actual innocence excuses the untimely filing. ECF No. 19. Petitioner filed an objection to the R&R, ECF No. 20, and Respondent did not file a response. Because the time for responding has now expired, this matter is ripe for review.

This Court conducts a _de novo_ review of any portion of the Magistrate Judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). "The filing of objections to [an R&R] enables the district judge to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). "By contrast, in the absence of a timely filed objection, a district court need not conduct a _de novo_ review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, Petitioner's objection challenges the finding in the R&R that Petitioner presented insufficient evidence to warrant equitable tolling. ECF No. 20, at 2-3. Petitioner asserts in his objection that his "numerous filings on the record" reveal that he

2

has been pursuing his rights diligently, but that as a pro se incarcerated inmate, he has been hampered by his lack of legal training, prison mail delays, prison lockdowns, and prison transfers. Id. at 2. Petitioner further argues that the majority of the hurdles that hindered his ability to timely file a § 2254 motion were created by Respondent. Id. at 3. Petitioner does not, however, offer factual details quantifying the specific delays he faced, nor does he explain when they occurred within the limitations period. Rather, Petitioner broadly asserts that: (1) he was transferred once from a lower security prison to a higher security prison and new transfers' legal materials are held for three weeks; (2) he was not allowed to visit the law-library "in person" while classified as a high security inmate; (3) changes to the prison mail system increased the time to receive legal mail by 10 days; and (4) "lockdowns and transfers" kept Petitioner from the law library for "weeks at a time." Id. at 2; ECF No. 18, at 13-14.

After reviewing the record and carefully examining the objection to the R&R filed by Petitioner, and having made de novo findings with respect to the challenged equitable tolling analysis, the Court **ADOPTS** and **APPROVES** the findings and recommendations set forth in the Magistrate Judge's R&R filed on June 18, 2025. Petitioner's arguments across his filings, to include his most recent arguments in his objection, fall short of

3

the showing necessary to justify equitable tolling for a § 2254 petition filed <u>more than seven months</u> after the filing deadline. See <u>Allen v. Johnson</u>, 602 F. Supp. 2d 724, 729 (E.D. Va. 2009) (noting that even if the Court found that some of the delay identified by the petitioner supported equitable tolling, this short period failed to account for the fact that the petition was filed more than two months after the deadline); <u>Hizbullahankhamon v. Walker</u>, 255 F.3d 65, 75 (2d Cir. 2001) (explaining the need to demonstrate a "causal relationship between the extraordinary circumstance . . . and the lateness of [the] filing"). It is therefore **ORDERED** that Respondent's motion to dismiss, ECF No. 10, is **GRANTED**, and Petitioner's untimely § 2254 motion, ECF No. 1, is **DISMISSED WITH PREJUDICE.**

Finding that the basis for dismissal of Petitioner's § 2254 petition is not debatable, a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); <u>see</u> Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). **If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so within thirty**

(30) days from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is directed to mail a copy of this Final Order to Petitioner and to provide an electronic copy to counsel of record for Respondent.

It is so **ORDERED**.

/s/ *Mark S. Davis*
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 22, 2025